# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE


| | |
|---|---|
| EVA L. ALBERGER,<br>       Plaintiff, | )<br>)<br>) |
| v. | )    **No. 3:07-CV-293** |
| | )    **(Phillips/Guyton)** |
| MICHAEL J. ASTRUE,<br>**COMMISSIONER OF SOCIAL SECURITY,**<br>      Defendant. | )<br>)<br>) |


## <u>MEMORANDUM OPINION</u>

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 19] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 18]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 14] be denied and that defendant Commissioner's motion for summary judgment [Doc. 16] be granted.


Plaintiff made application for supplemental security income in November 2003, which was denied by an administrative law judge (ALJ) on April 22, 2006. Plaintiff exhausted her administrative remedies and sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has

now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects.  For the reasons that follow, the objections will be overruled.

Plaintiff's first objection is that the ALJ erred by failing to address her argument that her obesity has led to sleep apnea, which in combination with her insomnia, results in excessive daytime fatigue.  The ALJ considered the report of Dr. Joseph Johnson who examined plaintiff at the request of the state agency.  Plaintiff reported to Dr. Johnson that she had been using her CPAP which increased her sleeping time and helped her daytime fatigue.  Dr. Johnson's impression was fatigue due to obstructive sleep apnea and restless leg syndrome, COPD, fibromyalgia, anxiety and panic attacks.  He opined that plaintiff could sit for more than six hours during an eight-hour workday; stand or walk for three hours during an eight-hour workday, and lift ten pounds frequently and twenty-five pounds occasionally.  The ALJ incorporated Dr. Johnson's findings into his hypothetical to the vocational expert (VE) when he asked her to consider an individual who could lift/carry twenty pounds occasionally and ten pounds frequently; was able to stand/walk for up to a total of three hours in an eight-hour workday and able to sit for at least a total of six hours in an eight-hour workday.  The VE identified jobs that plaintiff was able to perform with these limitations.  Contrary to plaintiff's argument, the ALJ considered the effects of her sleep disorder and fatigue in his hypothetical to the VE. Substantial evidence may be acquired by reliance on the testimony of a VE given in response to a hypothetical question which accurately portrays the physical and mental impairments of a claimant.  *Varley v.*

*Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987). Plaintiff's first objection is overruled.

Plaintiff's second objection is that the ALJ erred by not limiting her to unskilled work. Plaintiff states that she dropped out of the ninth grade and that she doesn't read and write very well. The ALJ asked the VE to take plaintiff's level of education into account in his hypothetical and, thus, the VE was aware of plaintiff's 9th grade education and limited ability to read and write. It is not until skilled work that reading and writing appear to be necessary. *See* 20 C.F.R. § 416.968(b). Plaintiff's second objection is overruled

Plaintiff's third objection is that the ALJ failed to include in his hypothetical to the VE that plaintiff can only sit for six hours during an eight-hour workday. As shown above, this objection is without merit and is overruled.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

_____ s/ Thomas W. Phillips _____
United States District Judge